## HUGHES v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2331.   Decided Nov 13, 1936

Wallace Judd, Youngstown, for appellee.
Vern Thomas, Youngstown, and Wm. E. Lewis, Youngstown, for appellant.

## OPINION

By ROBERTS, J.

This action is in this court from the Court of Common Pleas. The parties occupy the same relative positions in the trial court as in the lower court. The plaintiff sought to recover damages which he claimed to have received by reason of the culpable negligence of the defendant city in falling over a restraining wall between Ridge Avenue and Pike Street in the city of Youngstown. The trial resulted in a verdict in favor of the plaintiff in the sum of $400. Motion for new trial filed by the plaintiff being overruled, error has been prosecuted to this court.

There is no important dispute concerning the facts in this case, the issues substantially involving only a determination of responsibility of the parties by reason of the practically undisputed facts. A succinct statement of the nature of the accident and its environments may be made as follows: Ridge Avenue, in the city of Youngstown, extends in a substantially easterly direction from Market Street, at the south end of the Market Street viaduct, so-called. It extends westerly at or near the top of the south slope of the Mahoning River valley. Ridge Avenue westerly from Market Street is a wide, paved street until it reaches a point nearly north of a church on the southerly side of said street, from which point Ridge Avenue continues westerly at about half its width easterly from said point, and Pike Street diverges from Ridge Avenue, running in a substantially westerly direction but gradually diverging from Ridge Avenue in a northerly direction. At the point of intersection Ridge Avenue easterly is as wide as Ridge Avenue continued and Pike Street extending westerly from said point of intersection. Pike Street from its place of intersection into Ridge Avenue descends with a decided grade for some distance. Between the two streets from the point of divergence, there had been erected in the city of Youngstown a retaining wall, so-called, which at the point of the accident, a short distance from the divergence of these streets, was about ten feet in height from the curb of Ridge Avenue to the grade of Pike Street below. The court has not been furnished with any exact measurements or descriptions, particularly as to distances in this matter. It is evident, however, that Pike Street and Ridge Avenue are for some distance west of said point divergent immediately contiguous, and then Pike Street gradually curves to the north. Ridge Avenue is paved to a width of 27 feet, with curbs on either side, and at the northerly side, immediately adjoining the curb on that side, there is a sidewalk, so-called, three feet wide. The evidence discloses that it is composed of gravel, stones and earth and is subject to considerable travel. Immediately north of this sidewalk is the retaining wall before mentioned, which, as disclosed by the evidence, is 13 inches wide and it extends about two inches higher than the adjacent sidewalk.

On the night of the 6th of April, 1934, the plaintiff had been spending the evening with several companions at a house some little distance west of the place of the accident, playing cards, and late in the evening he and a companion, Robert Houk, left the house where they had been visiting and started easterly on the southerly side of Ridge Avenue. When they reached a point near the divergence of these two streets, as before mentioned, the plaintiff suggested that he would cross Ridge Avenue to the northerly side, where he could determine the time by looking at the face of a large clock high up on some building fronting on Ridge Avenue, which view was not obtainable from the south side of the street. He crossed the street to the sidewalk on the northerly side, turned partially around to look at the face of the clock, and then saw an automobile approaching rapidly, as he testifies, and with glaring headlights, from the east. Its direction was such that the plaintiff apprehended that he was in danger of being struck by the automobile and involuntarily quickly stepped backward, with the result that his foot struck this two inch projection of the wall above the sidewalk, and he fell over the wall to the ground, ten feet below on the other side, whereby he received the injuries complained of by him in this action.

The petition in error of the defendant city contains as is usual in such cases, a large number of grounds of error. However, we need consider only that which is claimed and argued by counsel for the city, and in brief it is said, on page 3:

"ARGUMENT

"It is our contention:

"FIRST: That the verdict of the jury is manifestly against the weight of the evidence and contrary thereto.

"SECOND: That the plaintiff was guilty of the grossest kind of contributory negligence in exposing himself to an obvious and appreciated danger, even though he did not appreciate the full extent of the danger and that he assumed the risk of the injury that resulted to him therefrom."

While the first of these paragraphs says that the verdict is manifestly against the weight of the evidence, it is understood from the context of the two paragraphs and from the argument in brief relating thereto, that this refers to the alleged fact that the plaintiff was guilty of contributory negligence and is based upon his conduct rather than any lack of negligence on the part of the city.

This is further observable by an examination of the authorities cited by counsel for plaintiff in error, which are largely cases involving the negligence of a pedestrian in attempting to cross a street. Reference is now made to the case of The Village of Mineral City v Gilbow et, 81 Oh St 263. The syllabus reads as follows:

"In an action jointly against a municipal corporation and the owner of a lot abutting upon a street, to recover damages for injuries resulting to the plaintiff from falling over a retaining wall, where the allegation against the lot owner is that he wrongfully and negligently maintained upon his premises a dangerous pit, which encroached upon a sidewalk, without any barrier or other protection to warn persons using the sidewalk or to prevent them from falling into such pit, and where the allegation against the municipality is that it wrongfully permitted said sidewalk to be in a dangerous condition without any such barrier, and that at the time of plaintiff's injury it negligently allowed an electric light near the place of the accident to be unlighted, there is a misjoinder of parties defendant.

"In determining whether it is necessary, in a particular case, that a barrier should be erected in order to make the highway safe for travelers thereon, the true test is not the distance from the highway of the dangerous object or place, whether it be much or little; but whether a traveler in passing along the highway and exercising ordinary care, would be subjected to such imminent danger that it would require a barrier to make the highway safe.

"When it appears in such cases that the street itself, including the sidewalk, is not defective and is safe for travelers thereon, and that the pit or excavation complained of does not substantially adjoin the street, and is six feet away from the street line and upon the grounds of an abutting owner, no action will lie at common law against either the owner of the land or the municipality, by a person who has strayed from the street and fallen into the excavation, especially when such conditions have existed for such a long period of time as to show no probability of accident therefrom.

"Where one knowingly or carelessly departs from a known safe way and goes heedlessly across the street and beyond its limits and upon the land of an abutting owner, and is there injured by falling into an excavation, he is guilty of contributory negligence and cannot recover."

A condition involved in this accident which seems to this court to be entitled to considerable consideration is the fact that traffic proceeding westerly from Market Street on to Pike Street presumably would obey the law and keep to the right hand or northerly side of Ridge Avenue, and if intending to go down Pike Street would still continue along the northerly or easterly side of Pike Street, but if intending to proceed down Ridge Avenue beyond the intersection of these two streets it would be necessary for such traffic to deviate to the left or south across the width of the end of Pike Street, then curve to the right and go down the northerly or right hand side of Ridge Avenue. From this situation it becomes apparent that a person standing very closely contiguous to the end to where Pike Street commences and on the sidewalk between the two streets would ordinarily perceive approaching traffic from the east to the left of such person so facing such traffic, and such pedestrian would not be able to determine down which street west of the intersection such traffic would pass, and the appearance of an approaching vehicle under the conditions involved in this case would be such as would be likely to have indicated to the plaintiff in this instance that the approaching automobile would pass very closely to him, perhaps, on the sidewalk, if it continued to come down Ridge Avenue instead of continuing on Pike Street. While, as has been suggested, it is not understood to be contended that the

city was not guilty of negligence in the manner of construction and maintenance of this sidewalk and retaining wall, in any event this court is of the opinion that such construction and maintenance was negligence, and this is further indicated by the fact that until a short time previous to the accident in question a street light had been maintained twenty some feet to the east of the point of intersection of these streets, which for economic reasons had been not operated for some little time before the accident, so that the vicinity was without street lights. It can not be successfully urged, we apprehend, that the plaintiff was guilty of contributory negligence in crossing the street to a sidewalk prepared for pedestrians, and the involuntary step backwards and the stumbling resulting in the fall was not, as viewed by this court, contributory negligence on the part of the plaintiff. The conclusion is reached that no reversible error is found in this case, and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.